JAMES D. FESSENDEN, AS ANCILLARY ADMINISTRATOR, ETC., OF THOMAS W. KILLMAN, DECEASED, RESPONDENT, v. ALVA S. BLANCHARD AND OTHERS, APPELLANTS.

*Costs* — *a resident, ancillary administrator, does not come within the meaning of section 3268 of the Code of Civil Procedure* — *he will not be required to give security for costs.*

APPEAL from an order made at the Kings County Special Term, denying the defendant's motion to compel the plaintiff to give security for costs.

The court at General Term said: "The plaintiff is the ancillary administrator of Thomas W. Killman, deceased. Killman was a resident of the State of Maine, and letters of administration were issued there to Thomas P. Shule. The plaintiff, as an ancillary administrator, has brought this action to enforce a claim against the defendant. The defendant appeared at Special Term to obtain security for costs. The application was denied and this appeal is brought. The plaintiff is not a non-resident of the State, and, therefore, does not come within the enactment in the Revised Statutes, and now contained in section 3268 of the Code. The plaintiff is to be treated as an administrator. He is appointed under our laws, and has given the security for the faithful performance of his trust. The general rule is that parties may put their claim before a competent court without any obligation to secure costs to the opposite party in case of failure. In actions brought by executors and administrators, discretionary power is given to courts to require a plaintiff to give security for costs. It is not usual for an appellate court to interfere with a refusal to exercise a discretionary power. In the present case the order to compel security was properly denied. The claim is on its face meritorious. The defendant got a large sum for almost nothing, and if the plaintiff's claim is right, he ought to refund it to the estate of the deceased. This will be determined on the trial. The plaintiff is liable, like other administrators, in case of failure.

"The order should be affirmed, with costs and disbursements."

*Hobbs & Gifford*, for the appellants.

*Harriman & Fessenden*, for the respondent.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Order affirmed, with costs and disbursements.